| | |
|---|---|
| VERONICA HAMPTON, ET AL. | CIVIL ACTION NO. 19-0200 |
| VERSUS | JUDGE DONALD E. WALTER |
| MCDERMOTT INTERNATIONAL, INC., ET AL. | MAGISTRATE JUDGE KAY |

## <u>MEMORANDUM RULING</u>

Before the Court is a Motion to Dismiss filed by Defendants McDermott International, Inc. ("McDermott") and CB&I, LLC ("CB&I")[1] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. <u>See</u> Record Document 35. Plaintiff Sergio Hernandez ("Hernandez") opposes the motion. <u>See</u> Record Document 44. Also before the Court is a Motion to Dismiss filed by Defendant Brock Services, LLC ("Brock"). <u>See</u> Record Document 54. Plaintiff Tristan Greene ("Greene") opposes the motion. <u>See</u> Record Document 72. For the reasons assigned herein, both motions are **GRANTED**.

## BACKGROUND INFORMATION

Plaintiffs Veronica Hampton ("Hampton"), Hernandez, Greene, and Ethan Champion filed this cause of action on their own behalf and for others similarly situated against McDermott, CB&I, Brock, and Sun Industrial Group (collectively "Defendants") for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the Louisiana Wage Payment Act ("LWPA"), La. R.S. 23:631. <u>See</u> Record Document 27 at ¶¶ 1-7. Defendants employed Plaintiffs in a variety of labor-based positions at the Cameron LNG

---

[1] Defendant CB&I states that it was incorrectly identified as Chicago Bridge and Iron, LLC in Plaintiffs' First Amended Complaint. <u>See</u> Record Document 35-1 at n.1.

Project, a liquefied natural gas facility that was under construction in Hackberry, Louisiana. <u>See</u> <u>id.</u> at ¶ 2.

Plaintiffs allege that Defendants violated the FLSA by failing to pay them statutorily required overtime for all hours worked in excess of forty hours per week. <u>See id.</u> at ¶ 4. Plaintiffs contend that the violation occurred because Defendants required them to work "off-the-clock" while being transported to and from the worksite on Defendants' mandatory transportation system. <u>See id.</u> at ¶ 5. Plaintiffs allege that the bus rides often included work-related meetings with their crew leaders. <u>See id.</u> at ¶ 51. Plaintiffs also allege that they were required to engage in "pre-work" activities immediately upon arrival at the job site before their scheduled shifts. <u>See id.</u> at ¶ 56. Plaintiffs contend that the FLSA applies to the Defendants because each engaged in interstate commerce. <u>See id.</u> at ¶¶ 23, 29, 37, 43.

Plaintiffs Hernandez and Greene also allege that when they ended their employment relationship with Defendants, they were never paid the amount due under the terms of their employment within the time required under Louisiana's LWPA, as set forth in La. R.S. 23:631. <u>See id.</u> at ¶ 6. Hernandez and Greene also state that they are asserting their state law claims pursuant to Federal Rule of Civil Procedure 23 on their own behalf and a class of persons who also ended their employment with Defendants and were never paid amounts owed to them under the terms of their employment. <u>See id.</u>

Defendants move to dismiss Plaintiffs' state law LWPA claims pursuant to Rule 12(b)(6), arguing that Plaintiffs cannot recover unpaid wages under both the FLSA and LWPA because the state law claims are preempted by the FLSA. <u>See</u> Record Document 35-1 at 1, 4; Record Document 54-1 at 6. Defendants also argue that Plaintiffs have failed to allege sufficient facts to support their LWPA claims. <u>See</u> Record Document 35-1 at 2; Record Document 54-1 at 3.

Defendants McDermott and CB&I also move to dismiss Plaintiffs' class allegations under Rule 23.  See Record Document 35-1 at 7.

## LAW AND ANALYSIS

**I.      Rule 12(b)(6) standard.**

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atlantic v. Twombly, 550 U.S. 544, 555-556, 127 S.Ct. 1955, 1965 (2007).  If a pleading only contains "labels and conclusions" and "formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2).  Iqbal, 556 U.S. at 678 (citation omitted).

The court must accept as true all of the factual allegations in the complaint in determining whether the plaintiff has stated a plausible claim.  See Twombly, 550 U.S. at 555; In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2009).  However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944 (1986).  If a complaint cannot meet this standard, it may be dismissed for failure to state a claim upon which relief can be granted. See Iqbal, 556 U.S. at 678-679.  A court does not evaluate a plaintiff's likelihood for success, but instead determines whether plaintiff has pleaded a legally cognizable claim.  See United States ex rel. Riley v. St. Luke's Episcopal Hosp., 355 F.3d 370, 376 (5th Cir. 2004).

"Motions to dismiss under Rule 12(b)(6) are rarely granted and generally disfavored." Rodriguez v. Rutter, 310 F. App'x. 623, 626 (5th Cir. 2009). However, courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See Iqbal, 556 U.S. at 678-679. A dismissal under 12(b)(6) ends the case "at a point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558.

## II.     Whether Plaintiffs have failed to state a LWPA claim.

Defendants move to dismiss Plaintiffs' state law LWPA claims, arguing that Plaintiffs have failed to properly state a claim upon which relief may be granted. See Record Document 35-1 at 7; Record Document 54-1 at 3. Plaintiffs maintain that they have properly stated a claim. See Record Document 44 at 4; Record Document 72-1 at 4. The LWPA states in relevant part, as follows:

> A.(1)(a) Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay *the amount then due under the terms of employment*, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first.

See La. R.S. 23:631 (emphasis added). The purpose of the LWPA is "to compel an employer to pay the earned wages of an employee promptly after his dismissal or resignation and to protect discharged Louisiana employees from unfair and dilatory wage practices by employers." Slaughter v. Bd. of Supervisors of Southern Univ. & Agric. & Mech. Coll., 2010-1049 (La. App. 1 Cir. 8/2/11), 76 So.3d 438, 446. An employer/employee relationship is contractual in nature, and the parties may negotiate and agree to any terms not prohibited by law or public policy. See Reed v. Willwoods Cmty., 2014-1475 (La. 5/1/15), 165 So.3d 883, 886-87. An employment contract need not be in writing unless certain formalities under the law require it to be so, but

there must be both offer and acceptance and a meeting of the minds.  See id. at 887.   When the

employer and employee are silent on the terms, the doctrine of at-will employment is supplied by

the civil code.   See Quebedeaux v. Dow, 2001-2297 (La. 6/21/02), 820 So.2d 542, 545.

However, the at-will doctrine only provides that the employer or employee may end the

relationship for any reason.  See La. Civ. Code art. 2747.   It does not address any other terms of

the employer/employee relationship, including pay.   See id.

Defendants argue that Plaintiffs failed to allege that there was ever an agreement that

Plaintiffs would be paid for "off-the-clock" work while riding to and from the worksite or for

any pre-shift work that may have occurred prior to their scheduled shifts.  See Record Document

35-1 at 7-8; Record Document 54-1 at 4-5.  In the First Amended Complaint, Plaintiff Hernandez

alleged the following related to his LWPA claim:

> A term and condition of Plaintiff Hernandez's employment was that he was to be
> paid $25.00 per hour for each hour worked under forty (40) per workweek.
> However, as a result of being forced to work "off-the-clock," Plaintiff Hernandez
> was not compensated at $25.00 per hour for each hour worked under forty (40)
> hours per workweek.  Within (15) days after his employment with Defendants
> McDermott and CB&I ended, Plaintiff Hernandez was not compensated at $25.00
> per hour for all hours that he worked "off-the-clock."

See Record Document 27 at ¶¶ 105-106.   Similarly, Plaintiff Greene alleged the following

related to his LWPA claim:

> A term and condition of Plaintiff Greene's employment for Defendant Brock was
> that he was to be paid $20.00 per hour for each hour worked under forty (40) per
> workweek.   However, as a result of being forced to work "off-the-clock,"
> Defendant Brock did not compensate Plaintiff Greene at $20.00 per hour for each
> hour worked under (40) per workweek.   Within fifteen (15) days after his
> employment with Defendant Brock ended, Plaintiff Green was not compensated
> at $20.00 per hour for all hours worked "off-the-clock."

See id.  at ¶¶ 127-128.

The Court finds that Plaintiffs have not sufficiently set forth their claims under the LWPA because they have not alleged that there was an agreement or understanding of any sort that Plaintiffs would be compensated for any time spent on the transport van or any pre-shift work that may have been performed upon their arrival at the worksite prior to their scheduled shift. The LWPA "is directed only at payment, upon termination, of 'agreed-upon' compensation." Whitworth v. Chiles Offshore Corp., 1992 WL 245618 at *1 (E.D. La. Sept. 17, 1992) (plaintiffs claim for wages were anything but agreed-upon, making the LWPA inapplicable). Indeed, the allegations are that Plaintiffs were not paid for "off-the-clock" work, which indicates that there was no agreement as to the payment for the disputed time or it would not be "off-the-clock." There is simply no allegation that the parties ever agreed or had a meeting of the minds regarding compensation for the disputed time in question. This is insufficient to meet the standard of facial plausibility under Iqbal.

### III.    Whether the LWPA is preempted by the FLSA.

Even if the Plaintiffs had sufficiently alleged their claims under the LWPA, those claims would be preempted by the FLSA. The FLSA creates liability for employers engaged in interstate commerce who fail to pay their employees minimum wage or overtime pay for hours worked in excess of 40 hours per week. See 29 U.S.C. §§ 206 and 207. The LWPA does not address minimum wage or overtime. Rather, as noted above, the LWPA requires employers to pay their employees, upon discharge, "the amount due to them under the terms of employment." See La. R.S. 23:631(A)(1)(a). The LWPA makes no distinction between regularly earned wages and wages earned as a result of overtime hours. See England v. Adm'rs of the Tulane Educ. Fund, No. 16-3184, 2016 WL 6520146 (E.D. La. Nov. 3, 2016). Thus, the LWPA is broader than the FLSA in a sense, allowing for claims of nonpayment of all compensation due under the

terms of a contract, not just overtime pay or minimum wages. See id. (citing Odom v. Respiratory Care, 1998-263 (La. App. 1 Cir. 2/19/99), 754 So.2d 252, 256. However, numerous courts have held that when a plaintiff presents claims for overtime under both statutes, the FLSA claim preempts state law for employees engaged in interstate commerce. See Bell v. Associated Wholesale Grocers, Inc., No. 19-0131, 2019 WL 1979935, at *1 (E.D. La. May 3, 2019) (citing Trigueros v. New Orleans City, No. 17-10960, 2018 WL 2336321, at *2 (E.D. La. May 23, 2018)); Bennett v. McDermott Int'l, Inc., No. 19-0158, 2019 WL 3891178, at *3 (W.D. La. Aug. 15, 2019); Little v. Mizell, No. 15-0268, 2016 WL 3430489, at *4 (E.D. La. June 22, 2016). Preemption does not apply when a plaintiff is seeking unpaid "wages" for items that do not affect minimum wage or overtime, such as unpaid vacation time. See England, 2016 WL 6520146 (LWPA claim for unused vacation, paid time off, sick days, and paid holidays was not preempted).[2] It also appears that a plaintiff may maintain a LWPA claim for unpaid hourly wages if the claim only involves workweeks of forty hours or less. See Bergeron v. Ochsner Health Sys., No. 17-0519, 2017 WL 3648451 (E.D. La. Aug. 24, 2017).[3]

None of these situations are presented in the Plaintiffs' First Amended Complaint. In the fact section common to all Plaintiffs, it is alleged that laborers were generally scheduled to work eighty-four hours per workweek. See Record Document 27 at ¶ 49. Plaintiff Hernandez alleged that he was typically scheduled to work six twelve-hour shifts per week (seventy hours per workweek). See id. at ¶¶ 88, 101. Plaintiff Greene alleged that he was typically scheduled to work six ten-hour shifts per workweek (sixty hours per workweek). See id. at ¶¶ 111, 124. As

---

[2] See England, 16-cv-3184, Eastern District of Louisiana, Record Document 7, ¶¶ 21-27.

[3] The Bergeron Plaintiffs made it clear to the court that they were only seeking LWPA claims for unpaid wages for the weeks they worked less than forty hours. See Bergeron, 17-cv-0519, Eastern District of Louisiana, Record Document 60 at 3-4.

such, any additional time added to the Plaintiffs' workweek would necessarily be overtime pay, which is covered by the FLSA and would preempt the LWPA. Neither Hernandez nor Greene alleged that they worked less than forty hours per workweek at any point during their employment with Defendants.

Plaintiffs argue that the FLSA is not implicated because they are only seeking "straight-time" wages for the disputed time in question, not overtime. See Record Document 44-1 at 8-11; Record Document 72-1 at 11-14. However, this cannot be the case because Plaintiffs are also seeking overtime pay (time and a half) under the FLSA for the same disputed periods of time – the mandatory bus ride to the worksite and any work that occurred after the Plaintiffs arrived at the worksite prior to their scheduled shifts. See Record Document 27 at ¶¶ 5, 50-59, 85-108, 109-130. The time in question is either straight-time or it is overtime, not both.[4] It appears to the Court that Plaintiffs want the disputed time period resolved as follows: pay them for "time" under the LWPA, and pay them for the additional "half" under FLSA. See Record Document 44-1 at 8-11; Record Document 72-1 at 11-14. This improperly combines the two statutes. Because the Plaintiffs have alleged that they were routinely scheduled for more than forty hours per workweek, and they allege that they are owed overtime for the disputed periods of time in question, the FLSA applies and the LWPA is preempted.

---

[4] "Straight-time" wages that do not implicate the minimum wage or overtime pay requirements are generally not cognizable under the FLSA. See Valcho v. Dallas Cnty. Hosp. Dist., 658 F.Supp.2d 802, 811 (N.D. Tex. Aug. 14, 2009). "Straight-time" is also known as "gap time," which is defined as "time that is not covered by the overtime provisions because it does not exceed the overtime limit, and time that is not covered by the minimum wage provisions because, even though the work is uncompensated, the employees are still being paid a minimum wage when their salaries are averaged across their actual time worked." See id. (quoting Green v. Dallas Cnty. Sch., No. 04-0891, 2005 WL 1630032, *3 (N.D. Tex. July 6, 2005)); see also Monahan v. Cnty. of Chesterfield, Va., 95 F.3d 1263, 1282 (4th Cir. 1996). This concept is inapplicable to the Plaintiffs' claims as asserted in their First Amended Complaint.

**IV.    Plaintiffs' Rule 23 class claims.**

Defendant McDermott and CB&I also move for the dismissal of Plaintiffs' proposed Rule 23 class, arguing that the preemption of Plaintiffs' LWPA claims by the FLSA also prevents the application of Rule 23.  <u>See</u> Record Document 35-1 at 7.   Plaintiffs argue that the Rule 23 class allegations should not be dismissed because their LWPA claims are not preempted. <u>See</u> Record Document 44-1 at 18.   As discussed above, the Court has found that Plaintiffs' LWPA claims, even if properly alleged, are preempted.   Thus, the only remaining claims are those for violations of the FLSA.

The FLSA has its own congressionally mandated class process, which states in relevant part as follows:

> [a]ny employer who violates the provisions of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.
> ...
> An action to recover the liability prescribed in [this section] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). "Thus, the FLSA allows an employee to bring a claim on behalf of other similarly-situated employees, but the other employees do not become plaintiffs in the action unless and until they consent in writing."  <u>Sandoz v. Cingular Wireless LLC</u>, 553 F.3d 913, 915 (5th Cir. 2008).

The Fifth Circuit has found there to be a fundamental and irreconcilable difference between the class action process provided for by the FLSA and that described by Rule 23.  <u>See</u> <u>LaChapelle v. Owens-Illinois, Inc.</u>, 513 F.2d 286, 288 (5th Cir. 1975).  The FLSA requires

plaintiffs to "opt-in" to be a part of the class while Rule 23 provides that plaintiffs will be considered a member of the class unless they "opt-out." See id. As such, the two are "mutually exclusive and irreconcilable." Id. at 289. Because the Court has dismissed all claims but those asserted under the FLSA, Plaintiffs may only seek class status under the provisions provided by the FLSA.

## CONCLUSION

For the reasons assigned herein, the Motion to Dismiss filed by Defendants McDermott and CB&I (Record Document 35) is **GRANTED**. The Motion to Dismiss filed by Brock (Record Document 54) is **GRANTED**. Plaintiffs' state law claims under the LWPA are hereby **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED**, this 30th day of October, 2019.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE