# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

___

| | |
|---|---|
| VERONICA HAMPTON, ET AL. | CIVIL ACTION NO. 19-0200 |
| VERSUS | DONALD E. WALTER |
| MCDERMOTT INTERNATIONAL, INC., ET AL. | MAGISTRATE JUDGE KAY |

___

## **MEMORANDUM ORDER**

Before the Court is a Motion to Compel Arbitration and Dismiss, or Alternatively, to Stay and Sever filed by Defendant Brock Services, LLC ("Brock"). See Record Document 85. Plaintiff Tristan Green ("Green") did not file an opposition.[1]

Green is one of many Plaintiffs in the above-captioned matter who allege that they are owed statutorily required overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for work associated with the construction of the Cameron LNG Project in Hackberry, Louisiana. See Record Document 27. Although several employers were named as Defendants, Green appears to be the only Plaintiff who names Brock as his employer in the First Amended Complaint. See id.[2] As part of his claim, Green asserts that Brock engaged in interstate commerce. See id. at ¶ 37.

Brock argues that Green signed a valid arbitration agreement when he accepted an offer of employment, and the arbitration agreement covers Green's claims against Brock. See Record Document 85-1 at 10-11. Brock has provided the Court with a verified copy of the arbitration

___

[1] The First Amended Complaint names Tristan Greene as a plaintiff. See Record Document 27. However, Brock states that according to their employee files they employed a Tristan Green. See Record Document 85-2 at ¶ 3. This appears to be the same individual.

[2] Another former employee of Brock, Robert C. Larson, has since filed his consent to join the proposed FLSA collective action. See Record Document 60.

agreement from Green's employment file.  See Record Document 85-2, Ex. A.  The agreement entitled "Dispute Resolution Policy" states in relevant part: "each, every, and all claims, disputes and/or controversies … arising out of or related to employment … with The Brock Group shall be resolved only through final and binding arbitration, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq., and not by way of court or jury trial."  Id. [3]  The agreement lists several specific types of claims and disputes, including those arising out of the FLSA.  See id.  The agreement also states that interpretation and applicability of the agreement itself is likewise subject to arbitration.  See id.  The agreement includes a section for the employee to sign and date, which Green signed on June 4, 2018.  See id.

The Federal Arbitration Act ("FAA") provides that "[a] written provision in any … contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The Act establishes that "arbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms."  Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S.Ct. 524, 529 (2019) (citation omitted).  The terms may include a delegation clause concerning "gateway questions of arbitrability," including whether the parties agreed to engage in arbitration or whether certain claims are covered by the agreement.  Id.  The Supreme Court has explained that "an agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this

---

[3] The Brock Group includes Brock Holdings I, LLC and all current and future, direct and indirect, wholly owned subsidiaries, including but not limited to, Brock Holdings II, Inc., and Brock Services Holdings, LLC.  See Record Document 85-2, Ex. A. n.1.  Brock Services, LLC, is a subsidiary of Brock Holdings III, Inc., which is a subsidiary of Brock Holdings II., Inc.  See Record Document 81.

2

additional arbitration agreement just as it does on any other." Rent-A-Center, West Inc. v. Jackson, 561 U.S. 63, 70, 130 S.Ct. 2772 (2010).

The Fifth Circuit has provided that a motion to compel arbitration should be granted in such cases when (1) the parties have entered into a valid arbitration agreement, and (2) the agreement contains a valid delegation clause. See Reyna v. Int'l Bank of Commerce, 839 F.3d 373, 378 (5th Cir. 2016) (citing Kubala v. Supreme Prod. Servs., Inc., 830 F.3d 199, 201-02)). Both conditions are met in this case. First, Brock has presented evidence that Green signed and dated the arbitration agreement as a routine part of his employment with Brock. Green has not denied signing the agreement, nor has he challenged the validity of the agreement. As such, the Court will consider the agreement to be valid. Second, the agreement includes a delegation clause with an agreement to arbitrate the applicability of the arbitration agreement itself. The delegation clause also appears to be valid, and is likewise unchallenged by Green. Accordingly, the Court finds that this matter must be decided in arbitration.

Brock further requests that the Court dismiss Green's claims, arguing that a dismissal rather than a stay is appropriate in this case. See Record Document 85-1 at 13-14. The FAA provides for the stay of a cause of action pending arbitration. See 9 U.S.C. § 3. However, courts have found that a dismissal may be appropriate when all of the claims and issues of the case are subject to the arbitration agreement. See Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992). It is within the Court's discretion to determine whether a stay or dismissal is appropriate. See Fedmet Corp. v. M/V BUYALYK, 194 F.3d 674, 679 (5th Cir. 1999). Given that all of Green's claims are subject to an arbitration agreement, it is appropriate for his claims to be dismissed rather than stayed.

For the foregoing reasons, Brock's Motion to Compel Arbitration (Record Document 85) is hereby **GRANTED**.  **IT IS ORDERED**, that Green arbitrate his claims against Brock in accordance with the aforementioned arbitration agreement.  **IT IS FURTHER ORDERED** that Green's claims against Brock are **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED**, this 26th day of November, 2019.

_Donald E Walter_
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE